IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN, ex. rel.
RONALD R. KOTAS,

                Plaintiff,                OPINION AND ORDER

  v.

                                              10-cv-738-wmc

CIRCUIT COURT OF PORTAGE
COUNTY and JUDGE FINN,

                Defendants.

---

      Proceeding pro se, plaintiff Ronald R. Kotas, brings this petition for a writ of mandamus, asking this court to direct Portage County Circuit Court Judge John Finn to approve his writ of error coram nobis. He has paid the $350.00 filing fee. Because this court lacks subject matter jurisdiction of Kotas's claim, his petition will be dismissed.

ALLEGATIONS OF FACT

      Plaintiff Ronald Kotas is an adult resident of North Fort Myers, Florida. In a state court criminal proceeding, *State of Wisconsin v. Kotas*, 86-CR-167, the now-deceased sentencing judge, Robert C. Jenkins, signed a series of affidavits essentially opining that Kotas would not have been prosecuted, much less convicted, given new information he received after sentencing, which, if true, suggests that Kotas may have been "set up." Judge Jenkins also avers that he would not have sentenced Kotas as he did in light of this new information. At the time he signed these affidavits, Jenkins was a retired Circuit Court Judge, Portage County. Kotas's state defense counsel also signed a post-representation affidavit opining to the same effect.

Kotas seeks to have this court order Judge Finn to grant his writ of error coram nobis, expunging his conviction in Case No. 86-CR-167. Because this court has no authority to do so, his petition will be dismissed.

OPINION

Federal district courts lack jurisdiction to issue a writ of mandamus to direct a state court judge to perform a duty. *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (per curiam); *Clark v. Washington*, 366 F.2d 678, 681-82 (9th Cir. 1966). Even if this court had such authority, consideratioins of comity would prevent it doing so absent: (1) evidence of the reasons given by the state circuit court in refusing to act; and (2) exhaustion of all appeal rights within the state court system.

This does not mean Kotas's claimed wrong is without remedy. Only that the remedy is in state court, either by pursuing his writ of *corum nobis* or bringing a civil action against those he claims set him up for prosecution. Thus, Kotas's petition for a writ of mandamus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that plaintiff Ronald Kotas's petition for a writ of mandamus is DISMISSED with prejudice for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 21st day of April, 2011.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge